**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) DANNY JOE HESTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **Case No. 11-CV-126-JHP-PJC** |
| | ) |
| **(2) EXPRESS METAL FABRICATORS,** | ) |
| **L.L.C.,** | ) |
| | ) |
| **(3) BIG CABIN CITY POLICE** | ) |
| **DEPARTMENT** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court are Defendant Express Metal Fabricators, L.L.C.'s Motion to Dismiss,[1]

Plaintiff's Response to Defendant Express Metal Fabricators Motion to Dismiss,[2] and Defendant

Express Metal Fabricators, L.L.C.'s Reply to Plaintiff's Response to Defendant's Motion to

Dismiss.[3] For the reasons set forth below, Defendant's motion is **GRANTED IN PART, DENIED**

**IN PART.**

## BACKGROUND

Beginning in October 2007, Plaintiff was an employee of Defendant Express Metal

Fabricators, L.L.C. (Express), a private employer.[4] On or about July 12, 2009 Plaintiff broke his

ankle and requested time off for his medical condition.[5] Defendant Express allegedly terminated

---

[1]Docket No. 19.

[2]Docket No. 21.

[3]Docket No. 23.

[4]Complaint at 3, Docket No. 2.

[5]*Id.*

Plaintiff immediately upon being informed of his injury, but later rescinded the termination citing the Family Medical Leave Act (FMLA).[6] Plaintiff alleges that approximately three months after returning to work he was informed his existing position would no longer be available.[7] Plaintiff contends his new position consisted largely of menial chores, and that his rate of pay was significantly reduced.[8]

Plaintiff further alleges that on or about March 2, 2010 Defendant Express made false allegations of felony vandalism against the Plaintiff to the Craig County Sheriff's and Big Cabin City Police Departments.[9] On March 3, 2010, Plaintiff claims that he was arrested while leaving work as a result of these allegations.[10] Defendant Express terminated Plaintiff's employment the following day.[11] Ultimately, the criminal charges against Plaintiff were dismissed without prejudice.[12]

## PROCEDURAL HISTORY

On February 28, 2011, Plaintiff filed a Complaint in the Northern District of Oklahoma.[13] In

his Complaint Plaintiff brings nine claims: (1) retaliation under FMLA by Defendant Express; (2)

---

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*Id.* at 3-4.

[10]*Id.* at 4.

[11]*Id.*

[12]*Id.* at 6-7.

[13]*Id.* at 1.

slanderous defamation by Defendant Express; (3) libel per se by Defendant Express; malicious prosecution by all Defendants; (5) malicious prosecution by Defendant Express; (6) malicious prosecution pursuant to 42 U.S.C. § 1983 by Defendants Big Cabin City Police Department, Craig County Sheriff's Department, and Sheriff Jimmie Sooter; (7) abuse of process by all Defendants, (8)

punitive damages against all Defendants, and (9) intentional infliction of emotional distress by all Defendants.[14]  Defendants Craig County Sheriff's Department and Sheriff Jimmie Sooter were dismissed without prejudice by stipulation on June 29, 2011.[15] Defendant Express filed the instant Motion to Dismiss on July 12, 2011, claiming that Plaintiff's entire Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state any claim upon which relief can be granted.[16] This Court exercises subject matter jurisdiction over the case  pursuant to 28 U.S.C. § 1331 based on Plaintiff's federal claims under the FMLA and 42 U.S.C. § 1983.[17]

## DISCUSSION

To survive Defendant's motion to dismiss, Plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[18]  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine

---

[14]Complaint at 4-9, Docket No. 2.

[15]Stipulation at 1, Docket No. 17.

[16]Defendant Express Metal Fabricators, L.L.C.'s Motion to Dismiss, Docket No. 19.

[17]*See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (court may exercise pendant jurisdiction when both substantial federal claims and state law claims derive from a "common nucleus of operative facts" so that a plaintiff would "ordinarily be expected to try them all in one judicial proceeding).

[18]*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

whether they plausibly give rise to an entitlement to relief."[19] The *Twombly* standard does not require heightened fact pleading, it merely requires the complaint to contain enough facts to state a claim for relief that is plausible on its face.[20] Finally, this Court emphasizes that even after *Twombly*, granting a defendant's motion to dismiss is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."[21] Looking to Plaintiff's bare recitation of the facts, assuming their veracity, and proceeding cautiously in the interests of justice, the Court now assesses the plausibility of each of Plaintiff's claims for relief.

A. Retaliation Under FMLA

Plaintiff's first cause of action is ostensibly for retaliation in violation of the Family Medical Leave Act. 29 U.S.C. § 2601, *et seq.* against Defendant Express.[22] The Tenth Circuit differentiates between claims for interference and claims for retaliation under FMLA, requiring separate elements and separate burdens of proof for each cause of action.[23] The caption of Plaintiff's cause of action lists a claim for retaliation, however Plaintiff's Response to the motion to dismiss states he is proceeding on theories of both interference and retaliation.[24] Plaintiff has requested leave to amend to sort out the confusion, and to assert more definitive statements regarding both claims. On the face

---

[19]*Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1950.

[20]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 563 127 S.Ct. 1955, 1965-66, 167 L.Ed.2d 929 (2007).

[21]*Morgan v. City of Rawlins*, 792 F.2d 975, 978 (1994).

[22]Complaint at 4-5. Docket No. 2.

[23]*Campbell v. Gambro Healthcare, Inc*. 478 F.3d 1282, 1287-88 (10th Cir.2007).

[24]Plaintiff's Response to Defendant Express Metal Fabricators Motion to Dismiss at 5, Docket No. 21.

of the Complaint, it appears to the Court that there *is* a plausible claim for retaliation under FMLA. The Court declines, however, to determine if the facts of the Complaint in its present state also present a claim for interference. Regardless, Plaintiff's complaint pleads enough facts that a claim for relief under FMLA is plausible. Defendant's Motion to Dismiss this claim is DENIED. However, Plaintiff's request for leave to amend this claim to assert a clearer statement as to his multiple theories of relief is GRANTED.

B. Slanderous Defamation

Plaintiff's second cause of action is for slanderous defamation against Defendant Express.[25] This is the first of six state law causes of action with the same common nucleus of operative facts as Plaintiff's FMLA claim. "When exercising jurisdiction over pendent state claims, the Court must apply the substantive law of the forum state and reach the same decision we believe that state's highest court would, just as we would if our jurisdiction rested on diversity of citizenship."[26]

Under Oklahoma law any false or unprivileged communication that accuses a person of any crime, or with being indicted, convicted, or punished for a crime is *per se* slander.[27] "In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby."[28]

Here Plaintiff claims Defendant knowingly published defamatory statements regarding

---

[25]Complaint at 5, Docket No. 2.

[26] *Lytle v. City of Haysville*, 138 F.3d 857, 868 (10th Cir.1998). The Court will apply Oklahoma law in all of Plaintiff's pendent state law claims.

[27]12 Okla. Stat. tit. § 1442(1).

[28]12 Okla. Stat. tit. § 1444.1.

Plaintiff's professionalism and the circumstances surrounding his termination. The only facts pled in Plaintiff's Complaint that even suggest a defamatory statement is Defendant's allegedly false report to police. However, the report does represent defamatory statements of Plaintiff's alleged criminal activity; the unprivileged publication of those statements to the police;[29] and Plaintiff's Complaint alleges damage from those statements including injury to reputation.[30] This meets the pleading sufficiency requirements for slander under 12 OKLA. STAT. TIT. § 1444.1. Consequently, Plaintiff has stated a plausible claim for slanderous defamation. Defendant's Motion to Dismiss is DENIED.

C. Libel Per Se

Plaintiff's third cause of action is for libel per se against Defendant Express.[31] Plaintiff claims Defendant Express "knowingly published defamatory statements in a written affidavit regarding Plaintiff to others, and that such statements were unprivileged and false made with reckless disregard
as to whether they were false."[32]

To survive Defendant's Motion to Dismiss, Plaintiff's Complaint must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[33] The object of this Court's inquiry "is not to weigh potential evidence that the parties might present at trial, but to assess whether the

---

[29]Reports to police are subject to qualified privilege. *Johnson v. Inglis*, 1942 OK 8, ¶ 10, 123 P.2d 272, 274. Plaintiff's allegations of malicious reporting preclude dismissal due to privilege.

[30]*See* Complaint at 5-6, Docket No. 2.

[31]Complaint at 6, Docket No. 2.

[32]*Id.*

[33]*Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (citation omitted).

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[34]

Plaintiff does not offer when or to whom this offending affidavit was sworn. The Court assumes that the affidavit in question relates in some way to the police investigation of Plaintiff, but Plaintiff offers no facts relating to any writing other than that one exists and that it contains false statements. Plaintiff may be able to present more facts at trial, but no facts are presented within the four corners of Plaintiff's Complaint.  Plaintiff's claim of libel per se is merely a bald accusation of "he harmed me" with no supporting facts, making no effort to meet the plausibility standard set forth in *Twombley* and *Iqbal*.

Plaintiff's third cause of action fails to allege any facts that would allow this Court to grant relief.  If the facts pled do not indicate relief is plausible, then Plaintiff has not stated a claim upon which relief may be granted. Lacking a plausible claim, Plaintiff's third cause of action for libel per se against Defendant Express is DISMISSED.

D. Malicious Prosecution

Plaintiff's fourth, fifth, and sixth causes of action are for malicious prosecution under both state law and 42 U.S.C. § 1983.[35] Plaintiff alleges that all remaining Defendants maliciously instituted felony criminal proceedings against him without probable cause.[36] Plaintiff's Response to Defendant's Motion to Dismiss does not present any argument pertaining to the malicious prosecution causes of action.[37] In spite of Plaintiff's oversight, the Court addresses Defendant's

---

[34] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999).

[35] Complaint at 6-8, Docket No. 2.

[36] *Id.* at 6-7

[37] Plaintiff's Response to Defendant Express Metal Fabricators Motion to Dismiss, Docket No. 21.

7

motion to dismiss the claims. The Court first notes that Plaintiff's fourth cause of action, for state law malicious prosecution against all Defendants, and Plaintiff's fifth cause of action, for state law malicious prosecution against Defendant Express, contain essentially the same factual allegations.[38] Considering Plaintiff's fourth cause of action encompasses all Defendants, Plaintiff's fifth cause of action against Defendant Express is duplicitous and rightfully DISMISSED.

The Court now focuses on Plaintiff's fourth cause of action, the state law claim for malicious prosecution against all Defendants. For a claim of malicious prosecution to lie under Oklahoma law, the suit giving rise to the claim must terminate in the malicious prosecution claimant's favor.[39] "*Dismissal without prejudice* is *not* a termination favorable to the malicious prosecution plaintiff." Plaintiff's complaint alleges the charges against him were "dismissed without prejudice," and alleges no further prosecution by Defendants.[40] Under clear Oklahoma law, a dismissal without prejudice is not a termination in the instant Plaintiff's favor. Without a termination in Plaintiff's favor there is no actionable state law claim for malicious prosecution. If a claim is not actionable, it is not plausible. Lacking a plausible claim, Plaintiff's fourth cause of action for malicious prosecution against all Defendants is therefore DISMISSED.

The Court reviews *sua sponte* Plaintiff's sixth cause of action for malicious prosecution under § 1983 by Defendants Big Cabin City Police Department, Craig County Sheriff's Department, and Sheriff Jimmie Sooter.[41] As previously noted, Defendants Craig County Sheriff's Department,

---

[38]Complaint at 6-7, Docket No. 2.

[39]*Greenberg v.Wolfberg*, 1994 OK 147, ¶ 20, 890 P.2d 895, 903, 904 (emphasis in original).

[40]Complaint at 6-7, Docket No. 2.

[41]*Id.* The Court addresses this claim assuming, *arguendo*, that this cause of action is separate and distinct from Plaintiff's state law claims for malicious prosecution.

and Sheriff Jimmie Sooter have been dismissed without prejudice.[42] Similarly to the state law cause

of action, a federal malicious prosecution claim under § 1983 requires termination of a prior criminal

proceeding in favor of the accused.[43] A termination in favor of the accused includes, but is not

limited to, an acquittal, reversal of conviction or similar event.[44] In any event, a cause of action for

malicious prosecution does not lie so long as a defendant remains subject to the charges.[45]

      In the instant case, the felony charges against Plaintiff were dismissed without prejudice,

leaving authorities free to re-file charges against him at a later date. As such, Plaintiff remains

subject to the charges underlying his arrest. As long as Plaintiff remains subject to those charges,

the proceeding against him has not terminated in his favor. Until a proceeding terminates in his

favor, there can be no actionable claim under § 1983 for malicious prosecution. If a claim is not

actionable, it is not plausible. Lacking a plausible claim, Plaintiff's sixth cause of action for

malicious prosecution under § 1983 is therefore DISMISSED.

E. Abuse of Process

      Plaintiff's seventh cause of action is a state law claim of abuse of process by all

Defendants.[46] In reviewing this claim, the Court "clothe[s] plaintiff's claim in such fashion to

presume all allegations true."[47] Under Oklahoma law, an abuse of process claim requires a showing

---

[42]Stipulation at 1, Docket No. 17.

[43]*Heck v. Humphrey*, 512 U.S. 477, 484-85, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994).

[44]*See Robinson v. Maruffi*, 895 F.2d 649, 654-55 (1990).

[45]*Id*. at 655 (statute of limitations for malicious prosecution did not accrue because defendant remained subject to serious charges).

[46]Complaint at 8, Docket No. 2.

[47]*Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986).

of three elements: "(1) issuance of process; (2) an ulterior purpose; and (3) a willful act in the use of process not proper in the regular conduct of the proceeding."[48] To establish the element of improper use of process, a plaintiff must show some *definite act or threat* by the defendant not authorized by the process.[49] Merely showing a defendant carried out the process to its authorized conclusion, even with bad intentions is insufficient to establish an abuse of process claim.[50]

In *Meyers v. Ideal Basic Industries, Inc*, the Tenth Circuit upheld a district court dismissal of a plaintiff's abuse of process claim.[51] It found that, although the defendant had the ulterior and unlawful purpose of intimidating workers into abandoning legitimate claims when it brought the action, the plaintiff still failed to establish an abuse of process claim because there was no allegation of some definite action or threat by the defendant.[52]

As in *Meyers*, the Court presumes as true Plaintiff's allegation that Defendants had an ulterior or improper purpose in bringing the action. Even so, Plaintiff offers no evidence of definite action or threat by any Defendant other than the institution and prosecution of the process itself. Without an allegation of some definite action or threat, the element of a willful use of the process not proper in the regular conduct of the proceeding cannot be satisfied.[53] If all the elements are not satisfied, a claim for abuse of process is not actionable. If a claim is not actionable, it is not plausible. Lacking a plausible claim, Plaintiff's seventh cause of action, for abuse of process is

---

[48]*Meyers*, 940 F.2d 1379 (10th Cir. 1991) (applying Oklahoma law).

[49]*Id.* at 1382 (emphasis in original).

[50]*Id.* (internal citations omitted).

[51]*Id.*

[52]*Id.* at 1382-83.

[53]*Id.* at 1383.

therefore DISMISSED.

F. Intentional Infliction of Emotional Distress.

Plaintiff's ninth claim, and eighth substantive cause of action, is a state law claim for intentional infliction of emotional distress against all remaining Defendants. The Court begins its analysis by ruling *sua sponte* that the Big Cabin City Police Department is not a proper party to this claim. Under Oklahoma law, intentional infliction of emotional distress (IIED) is a tort.[54] All tort claims against the state or its subdivisions should be brought pursuant to the Oklahoma Governmental Tort Claims Act (OGTCA).[55] Any claim under the OGTCA must name the political subdivision against which liability is sought to be established.[56] The Big Cabin City Police Department is not a political subdivision.[57] Under the OGTCA, the Big Cabin City Police Department is not a proper party to this suit, and the claims against them are DISMISSED.[58] The Court grants Plaintiff leave to amend his Complaint regarding this cause of action, allowing him to

---

[54]*Cf. Computer Publications, Inc. v. Welton*, 2002 OK 50, ¶ 7, 49 P.3d 732, 734 (Okla. 2002) ("Oklahoma first adopted the tort of intentional infliction of emotional distress, also known as the tort of outrage, in *Breeden v. League Services Corp.*, 1978 OK 27, 575 P.2d 1374").

[55]*See* Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51 §§ 151 et seq. Under the OGTCA, the State of Oklahoma has statutorily waived sovereign immunity from suit, for itself and its subdivisions, in limited instances.

[56]Okla. Stat. tit. 51 § 163(c)

[57]Okla. Stat. tit. 51 § 152(11).

[58]Although Defendant Big Cabin City Police Department appears to be in default, this Court lacks subject matter jurisdiction to hear actions against parties with sovereign immunity. *Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977 (10th Cir. 2010) (any action against a State must be authorized by legislature, courts are without jurisdiction in cases where statutory authorization is not present). A dismissal for lack of subject matter jurisdiction is without prejudice and party may re-file claims after curing defects. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir.2006).

address this claim against the appropriate party.[59]

Remaining is Plaintiff's claim that Defendant Express's malicious actions surrounding Plaintiff's wrongful termination and arrest have caused severe emotional and psychological damage to the Plaintiff and constitute IIED.[60] Defendant Express contends that Plaintiff's accusations do not rise to the level of outrageousness required for a finding of IIED under Oklahoma law.[61]

"As a threshold matter, the trial court should determine as a matter of law whether the conduct at issue reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress."[62] "When reasonable persons may differ on that question, it is for the jury to decide, subject to the oversight of the court." Plaintiff has pled facts claiming Defendant demoted Plaintiff and made a false accusation against him.[63] Plaintiff claims Defendant's actions has caused him embarrassment stemming from loss of employment station, and public shame resulting from false arrest and wrongful termination.[64] If Defendant's actions are ultimately found to be "outrageous," Plaintiff's facts support a plausible claim for relief. At this stage of the litigation, the question of whether or not Defendant's actions rise

---

[59]In amending his Complaint, Plaintiff should review the exemptions to liability under the OGTCA found at Okla. Stat. tit. 51 § 155.

[60]Complaint at 3-4, 9, Docket No. 2.

[61]Defendant Express Metal Fabricators, L.L.C.'s Motion to Dismiss at 10, Docket No. 19.

[62]*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1222 (10th Cir.2007) (internal citations omitted). The New Mexico law of IIED cited in *Alvarado* follows the Restatement (Second) of Torts § 46, as does Oklahoma. *See Computer Publications, Inc. v. Welton* 49 P.3d 732, 734 (Okla. 2002) ("The tort [of IIED] is governed by the narrow standards of the Restatement (Second) of Torts § 46").

[63]*See* Complaint at 3-4, Docket No. 2.

[64]*Id.*

12

to the level of outrageousness is one upon which reasonable minds may disagree. As such, that question is not properly decided on a motion to dismiss. Defendant's Motion to Dismiss Plaintiff's ninth claim for Intentional Infliction of Emotional Distress is DENIED.

## CONCLUSION

For the reasons set forth above, Defendant Big Cabin City Police Department is DISMISSED. Further, Defendant Express Metal Fabricators, L.L.C.'s Motion to Dismiss is GRANTED only as to Plaintiff's claim (3) libel per se; claims (4) and (5) malicious prosecution; and claim (7) abuse of process. Plaintiff's claim (6) malicious prosecution under § 1983 is DISMISSED by the Court. Plaintiff is hereby GRANTED LEAVE TO AMEND his Complaint by November 30, 2011, so as to conform with this order.

James H. Payne
United States District Judge
Northern District of Oklahoma